IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMANDA LANGFORD,[1] | § | |
| | § | No. 321, 2018 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below:  Family Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | File No. CK15-02506 |
| BRUCE LANGFORD, | § | Petition No. 15-26410 |
| | § | |
| Respondent, | § | |
| Appellee. | § | |

Submitted:  December 14, 2018
Decided:     February 19, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

**O R D E R**

Upon consideration of the briefs of the parties and the Family Court record, it appears to the Court that:

(1)    The appellant, Amanda Langford ("Wife"), filed this appeal from the Family Court's June 1, 2018 property division order ancillary to her divorce from the appellee, Bruce Langford ("Husband").  Wife claims that the Family Court erred when dividing the parties' marital estate.  We conclude that Wife's claims are without merit and affirm.

---

[1] By Order dated June 22, 2018, the Court *sua sponte* assigned pseudonyms to the parties.  Del. Sup. Ct. R. 7(d).

(2)     The record reflects that the parties married on June 7, 2008, separated on June 30, 2015, and divorced on April 1, 2016.  They have one child.

(3)     In her Rule 52(d) pretrial stipulation, Wife listed her 401K retirement account and the parties' marital home as "assets in dispute."  Wife indicated that she sought "to retain" the retirement account because she had taken a distribution from the account to pay off marital debt.  Wife indicated that she sought to retain the marital residence with "[e]quity to [Husband] reduced for failure to contribute."  Husband did not complete his portion of the Rule 52(d) pretrial stipulation.  A final hearing on property division was held on March 26, 2018.

(4)     The Family Court has broad discretion when dividing a marital estate.[2]  Under 13 *Del. C.* § 1513, the Family Court is required to "equitably divide, distribute and assign the marital property."[3]  In this case, the Family Court divided the parties' assets 60/40, awarding 60% to Wife and 40% to Husband.  The court allocated the parties' debts 40/60, 40% to Wife and 60% to Husband.

(5)     In an appeal from an order dividing a marital estate, we review the facts and the law as well as the inferences and deductions made by the Family Court.[4]  We review conclusions of law *de novo*, but if the law was correctly applied our

---

[2] *Orbitz v. Abbott*, 2016 WL 6212525 (Del. Oct. 24, 2016) (citing *Olsen v. Olsen*, 971 A.2d 170, 178 (Del. 2009)).
[3] 13 *Del. C.* § 1513(a) (Supp. 2019).
[4] *Forrester v. Forrester*, 953 A.2d 175, 179 (Del. 2008).

standard of review is abuse of discretion.[5] We will not disturb findings of fact unless they are clearly wrong and justice requires that they be overturned.[6]

(6)    The following excerpt from the Family Court's June 1 order fairly summarizes the parties' testimony at the March 26 property division hearing.

> Wife primarily contributed to the marital estate during the marriage. While Husband was employed, he testified to spending a large portion of his income on narcotics, $25,000 per year. Wife's contributions also came in the form of caretaker to the parties' child and homemaker. Wife testified, without contradiction, that Husband has not contributed to any household expenses, which includes the mortgages, since the parties' separation. Husband testified Wife has solely maintained the marital residence since separation.
>
> Wife currently resides in the former marital residence with the parties' child and [a boarder]. [The boarder] moved into the home in February or March of 2016 and has been paying $500.00 a month since. The total rent collected to date is $13,500 [twenty-seven (27) months of $500.00 rent]. Husband seeks fifty percent (50%) of the rent collected.
>
> Wife received a $25,484.59 distribution from her 401k in early 2016, which she asserts was used to satisfy the parties' mortgage arrears. Wife produced account statements confirming she took such a distribution.

(7)    On appeal, Wife complains generally that the Family Court failed to "properly consider the equities of the matter" when dividing the parties' marital estate. Specifically, Wife argues that the Family Court erred when the court did not treat the $25,484.59 distribution from her 401k retirement account as marital debt.

---

[5] *Id.*
[6] *Id.*

3

(8)     In her brief on appeal, Wife characterizes the distribution from the retirement account as a "loan" for which she is making payments.  The record reflects, however, that the loan for which Wife is making payments is a $6,075 loan against the retirement account that Wife borrowed and applied to a deficit that had accrued in the parties' Bank of America escrow account.

(9)     On the issue of how to treat the retirement account distribution, the Family Court determined as follows:

> The Court declines to consider the $25,484.59 distribution from Wife's 401k because, as Wife testified, the proceeds were used to sustain a marital asset.  Similarly, the Court declines to award Husband any portion of the rent collected, as that too was applied to a jointly held debt and sustained a marital asset that Husband seeks a portion thereof.

Under the circumstances as reflected in the record, we find no error of law or abuse of discretion in the court's ruling.

(10)   Wife claims that the Family Court ignored the parties "agreement" that Wife would release Husband from his child support arrears in exchange for Husband giving up his equity interest in the marital home.  According to Wife, she and Husband reached this agreement during the hearing.  Having reviewed the hearing transcript, we do not find that the parties made such an agreement.

(11)   After carefully considering the parties' briefs and the record, including the transcript of the property division hearing, we are satisfied that the Family Court acted within its discretion when dividing the parties' marital estate.  As required, the

4

Family Court carefully considered the evidence and all of the relevant statutory factors when making its decision. The record does not reflect any factual findings or inferences that are clearly wrong or any errors of law.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice